Thomas A. Kearney (State Bar No. 90045)
tak@kearneylittlefield.com
Prescott W. Littlefield (State Bar No. 259049)
pwl@kearneylittlefield.com
**KEARNEY LITTLEFIELD LLP**
633 W. Fifth Street, 28th Floor
Los Angeles, CA 90071
Telephone  (213) 473-1900
Facsimile   (213) 473-1919

Gene J. Stonebarger (State Bar No. 209461)
gstonebarger@stonebargerlaw.com
Richard D. Lambert (State Bar No. 251148)
rlambert@stonebargerlaw.com
Elaine W. Yan (State Bar No. 277961)
eyan@stonebargerlaw.com
**STONEBARGER LAW**
A Professional Corporation
75 Iron Point Circle, Suite 145
Folsom, CA 95630
Telephone (916) 235-7140
Facsimile (916) 235-7141

*Attorneys for Plaintiff and the Class*

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA RODRIGUEZ, an individual, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>BEBE STORES, INC., a California corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,<br>47 U.S.C. § 227**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Samantha Rodriguez ("Plaintiff"), on behalf of herself and the Class of all other similarly situated persons defined below, demands a trial by jury and hereby complains and alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This action is brought on behalf of all consumers who have received unsolicited and un-consented to text messages on their cellular telephones from Defendant bebe stores, inc. ("bebe" or "Defendant"), in violation of the Federal Telephone Consumer Protection Act.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction because this case arises out of a violation of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. Venue is proper in the United States District Court for the Northern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in the Northern District of California.

## PARTIES TO THE ACTION

4. Plaintiff Rodriguez is a real person over the age of eighteen (18) who received unsolicited and un-consented to text messages from Defendant on multiple occasions on December 12, 2013, December 21, 2013, December 26, 2013, January 10, 2014, January 16, 2014, February 10, 2014, February 20, 2014, February 27, 2014, March 13, 2014, and March 27, 2014.

5. On information and belief, Defendant bebe stores, inc., is a corporation doing business in the State of California and in the Northern District of California.

6. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 50, inclusive, and therefore, sue such Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Doe Defendants is legally

1  responsible in some manner for the events and occurrences alleged herein, and for the damages
2  suffered by Plaintiff and the Class.  Each reference in this complaint to "Defendants,"
3  "Defendant," or a specifically named defendant refers also to all Defendants sued under fictitious
4  names.

5       7.     Plaintiff is informed, believes, and thereon alleges that all Defendants were at all
6  relevant times acting as actual agents, conspirators, aiders and abettors who provided substantial
7  assistance with knowledge of the wrongful conduct, ostensible agents, partners and/or joint
8  venturers and employees of all other Defendants, and that all acts alleged herein occurred within
9  the course and scope of said agency, employment, partnership, joint venture, conspiracy and/or
10 enterprise, and with the express and/or implied permission, knowledge, consent, authorization
11 and ratification of their Co-Defendants; however, this allegation is pleaded as an "alternative"
12 theory wherever not doing so would result in a contradiction with other allegations.

13      8.     As an alternative theory, Plaintiff is informed and believes, and on that basis
14 alleges, that Defendants are alter egos of each other.  Plaintiff is informed, believes, and on that
15 basis alleges, that there is common control over Defendants, and they operate pursuant to a
16 common business plan.  There is unity of interest among Defendants.  The alternative alter-ego
17 relationship among the Defendants should be recognized to prevent an injustice.  If the alter-ego
18 relationship among Defendants is not recognized, an inequity will result because an entity
19 responsible for wrongdoing will be shielded from liability.  Moreover, the Co-Defendant entities
20 that make, in whole or in part, the decisions concerning the wrongdoing alleged herein would
21 escape liability, which is inequitable.  Furthermore, the alter-ego relationship should be
22 recognized to ensure effective injunctive and declaratory relief, so that the wrongful practices
23 alleged herein are not relocated to an affiliated company.

24 **GENERAL ALLEGATIONS**

25      9.     In the past decade, communications via short message service (SMS) technology
26 and/or multimedia message service (MMS) has proliferated throughout the United States.
27 / / /
28 / / /

10. Today, billions of consumers worldwide have telephonic devices which permit them to receive SMS and/or MMS messages, permitting consumers throughout California and the rest of the United States to engage in telephone conversations utilizing such messages.

11. For many consumers (e.g., hearing impaired persons), SMS and/or MMS messages are the only way that they converse on the telephone. However, marketing (a/k/a commercial solicitation) through message service messages is inherently injurious to consumers who have telephonic devices with SMS and/or MMS message capabilities (e.g., cellular telephones and pagers). In fact, such marketing has injured consumers. For example, as a consequence of marketing via message service messages:

    a. Consumers incur increased monetary costs for their message services;

    b. Consumers lose storage capacity on their telephones and related devices;

    c. The limited storage capacity of telephonic devices can be exhausted by unwanted message service messages resulting in the inability of consumers to receive necessary and/or expected communications;

    d. Consumers are deprived of the opportunity to immediately question a seller of goods and services about the veracity of the seller's claims;

    e. The privacy of consumers is invaded;

    f. The telephone networks upon which consumers rely are used inefficiently and harmed to the detriment of consumers;

    g. Consumers are annoyed and harassed;

    h. Consumers and their property are susceptible to injury and/or are injured in other ways in accord with proof to be presented at trial.

12. On December 12, 2013, Defendant sent Plaintiff an unsolicited and un-consented to text message:

> bebe: Get the bebe app & don't miss a holiday deal! Download-iPhone app: bit.ly/1kzXwzK Android app: bit.ly/1kzXzvB. Reply STEP 2 quit, HELP 4 info.

13. Plaintiff continued to receive unsolicited and un-consented to text messages from Defendant approximately once a week after December 12, 2013.

14. On March 27, 2014, Defendant sent an unsolicited and un-consented to text message:

> bebe: 20% OFF SITE & STORE WIDE! bit.ly/P2t3I7 Code: MARCH20 Restrictions apply. Ends 3/30. Reply STOP 2 quit, HELP 4 info.

15. The phone number that appeared on Plaintiff's "Caller ID" is 42323, a number that on information and belief, belongs to Defendant.

16. Upon information and belief, Defendant sent numerous such unsolicited and un-consented to text messages to many persons.

17. Defendant's text messages were solicitations of business from Plaintiff.

18. At no time did Plaintiff expressly consent to receive such messages from Defendant.

19. Upon information and belief, Defendant utilizes an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. section 227(a)(1) to send the above-referenced text messages to Plaintiff and others similarly situated. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls and texts.

## CLASS ALLEGATIONS

21. Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated, pursuant to Rule 23.

22. Representative Plaintiff brings this class action on behalf of herself and as a representative of the following classes of persons entitled to remedies under law including, but not limited to, damages:

**Class A (the pre-October 16, 2013, express consent class):**

> All persons in the United States of America who were sent, on their wireless telephone, unsolicited and un-consented SMS or MMS messages from bebe stores, inc., which were solicitations without recipients' prior express consent within four years prior to the filing of this Complaint until October 15, 2013.

**Class B (the post-October 16, 2013, express *written* consent class):**

> All persons in the United States of America who were sent, on their wireless telephone, unsolicited and un-consented SMS or MMS messages from bebe stores, inc., which were solicitations without the recipients' prior express written consent from October 16, 2013 until the present.[1]

Excluded from the Class are all managers and directors of Defendant and members of its immediate families, the Court, and legal counsel for either side, and all members of their immediate families.

23. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation:

    a. *Numerosity:* The Class is so numerous that joinder of all members is impractical. There are likely thousands of members of the Class.

    b. *Ascertainability:* The identities of the Class members are ascertainable from Defendant's records.

    c. ***Common Questions Predominate:*** There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members. The principal issues include, *inter alia*:

        i. Whether Defendant negligently caused violations of the Telephone Consumer Protection Act, 47 U.S.C. section 227, when sending unsolicited and un-consented to SMS or MMS messages to Plaintiff and the Class;

        ii. Whether Defendant willfully caused violations of the Telephone Consumer Protection Act, 47 U.S.C. section 227, when sending unsolicited and un-consented to SMS or MMS messages to Plaintiff and the Class;

---

[1] Because of the similarities among both subclasses, Plaintiff refers generally herein to the "Class" meaning both subclasses, unless otherwise indicated.

      iii.    Whether Defendant used an automatic telephone dialing system to send unsolicited and un-consented to SMS or MMS messages to Plaintiff and the Class;

      iv.    Whether Plaintiff and the Class are entitled to damages for Defendant's actions;

      v.    Whether Defendant should be enjoined from engaging in such conduct in the future.

d. *Typicality:* Based on the conduct described above, Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class have similar claims and remedies arising out of Defendant's common course of conduct complained of herein.

e. *Adequacy:*  Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff is committed to vigorously litigating this matter, and has retained counsel experienced in handling class claims.  Neither Plaintiff nor Plaintiff's counsel have any irreconcilable conflicting interests that might cause them not to vigorously pursue this claim.

f. *Superiority:*  A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.  A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members would be impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, since individual member's claims for damages are relatively modest, the expenses and burdens of litigating individual actions

would make it difficult or impossible for individual members of the Class to redress the wrongs done to them. An important public interest will be served by addressing the matter as a class action, substantial economies to the litigants and to the judicial system will be realized, and the potential for inconsistent or contradictory adjudications will be avoided.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227**

24. Plaintiff reasserts and re-alleges the allegations set forth in the above paragraphs as if the same were alleged herein this count.

25. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

26. Negligently, recklessly, willfully, and/or intentionally, Defendant directly and/or vicariously engaged in acts, omissions, and/or other conduct as referenced herein this complaint that violates the Telephone Consumer Protection Act.  Defendant directly and/or vicariously used automatic telephone dialing systems to initiate unsolicited and un-consented to telephone calls to Plaintiff's cellular telephone and/or pager numbers.

27. Plaintiff is entitled to recover $500 in damages from the Defendant for each violation of the Telephone Consumer Protection Act.

28. Additionally, Plaintiff is entitled to all damages referenced herein and in accord with proof, attorneys' fees, costs, treble damages, injunctive relief, and other remedies allowed by the Telephone Consumer Protection Act.

## PRAYER FOR RELIEF

WHEREFORE, on behalf of herself and all others similarly situated, Plaintiff demands judgment against Defendant and prays that this Court do the following:

A. Order Defendant to make Plaintiff and the Class whole with an award of damages in accord with the allegations of this complaint and proof to be presented at trial.

/ / /

/ / /

     B.     Order Defendant to make Plaintiff and the Class whole by providing appropriate prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices.

     C.     Order Defendant to pay Plaintiff and the Class punitive and/or treble damages to the fullest extent allowed by law.

     D.     Order injunctive relief prohibiting such conduct in the future.

     E.     Award Plaintiff and the other class members the costs of this action, including attorneys' fees.

     F.     In accord with proof at trial, grant any additional or further relief as provided by law or equity that the Court finds appropriate, equitable, or just.

Dated: April 28, 2014                          **KEARNEY LITTLEFIELD, LLP**
                                               **STONEBARGER LAW, APC**

                                               By:  /s/ Richard D. Lambert
                                                       Richard D. Lambert
                                                       Prescott W. Littlefield
                                                       Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

Dated: April 28, 2014                          **KEARNEY LITTLEFIELD, LLP**
                                               **STONEBARGER LAW, APC**

                                               By:  /s/ Richard D. Lambert
                                                       Richard D. Lambert
                                                       Prescott W. Littlefield
                                                       Attorneys for Plaintiff